**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

EARNEST HAMLIN

     Plaintiff,

     -vs.-                      20CV1141

CITY OF CHICAGO,
CPD P.O. DALCASON #5392
in his individual capacity,
CPD P.O. Collazo #11298
in his individual and capacity,
WAVELAND BOWL, Inc.,

     Defendants.

## FIRST AMENDED COMPLAINT

Plaintiff EARNEST HAMLIN, by his attorney, Michael Schmiege of The Law Office of Michael Schmiege, PC and brings this Complaint against Defendants City of Chicago, Chicago Police Officers Michael Collazo and John Dalcason ("DEFENDANT OFFICES") and Waveland Bowl, Inc. In support thereof, the following is stated:

### JURISDICTION & VENUE

1.    The incident giving rise to this Complaint occurred on October 20, 2019 in the City of Chicago, County of Cook, State of Illinois.

2.    This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of Plaintiff's rights as secured by the United States Constitution.

3.	This Court has jurisdiction pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331 and § 1343(a), and supplemental jurisdiction as provided by 28 U.S.C. § 1367(a).

4.	Venue is proper under 28 U.S.C. § 1391(b) as all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within this district.

## PARTIES

5.	At all times relevant hereto, EARNEST HAMLIN was a citizen of the United States and a resident of the City of Chicago, Cook County, Illinois.

6.	Defendant CITY OF CHICAGO is an Illinois municipal corporation and is the employer of each of the DEFENDANT OFFICERS. At all times relevant hereto, DEFENDANT OFFICERS were police officers in the Chicago Police Department acting under color of law and within the scope of their employment for the City of Chicago. The City of Chicago is liable for the acts of the DEFENDANT OFFICERS while acting within the scope of their employment for the City.

7.	At all times relevant hereto, DEFENDANT OFFICERS were also employed as security guards for Defendant WAVELAND BOWL, LLC. At all times relevant hereto, DEFENDANT OFFICERS were acting under color of law and within the scope of their employment with Defendant WAVELAND BOWL.

8.	At all times relevant hereto, DEFENDANT OFFICERS were acting under color of law and within the scope of their employment with Defendant CITY OF CHICAGO and Defendant WAVELAND BOWL.

9.     Defendant WAVELAND BOWL, LLC is an Illinois corporation authorized to do business in the State of Illinois, with its principal place of business located in this judicial district. At all times relevant hereto, Defendant WAVELAND BOWL was a joint employer of the DEFENDANT OFFICERS.

10.     The CITY OF CHICAGO is the indemnifying entity for the actions taken by DEFENDANT OFFICERS, and the CITY OF CHICAGO is being sued on an indemnification theory.

11.     At the time of the incident Defendant CITY OF CHICAGO and WAVELAND BOWL were the employers of the DEFENDANT OFFICERS and are being sued based on a theory of *respondeat superior* on the state law claims.

### FACTS

12.     On October 19, 2019 Plaintiff had gone to Waveland Bowl located at 3700 N. Western Ave, Chicago, Illinois with his girlfriend and friends for a party.

13.     On October 19 and 20, 2019 DEFENDANT OFFICERS were off duty Chicago Police officers working as security guards for WAVELAND BOWL.

14.     On October 20, 2019 at approximately 12:50 am, EARNEST HAMLIN'S girlfriend exited WAVELAND BOWL to make a phone call and began to walk down Western Avenue along WAVELAND BOWL.

15.     A few moments later EARNEST HAMLIN followed his girlfriend outside of WAVELAND BOWL, caught up to her and encouraged her to return to the party.

16.     While EARNEST HAMLIN and his girlfriend were returning to WAVELAND BOWL, and approximately fifteen feet from the entrance, the DEFENDANT OFFICERS approached EARNEST HAMLIN.

17.     Upon approaching EARNEST HAMLIN, the DEFENDANT OFFICERS began to beat him about his face and body.

18.     At no time did EARNEST HAMLIN initiate any contact with DEFENDANT OFFICERS.

19.     DEFENDANT OFFICERS placed EARNEST HAMLIN under arrest and during the process of placing EARNEST HAMLIN under arrest DEFENDANT OFFICERS broke his arm.

20.     The entire incident and beating of EARNEST HAMLIN was caught on security camera video.

21.     DEFENDANT OFFICERS used unnecessary and unreasonable physical force causing significant physical injuries to EARNEST HAMLIN throughout his body – this use of force by DEFENDANT OFFICERS was patently unreasonable.

22.     EARNEST HAMLIN had committed no crime, but DEFENDANT OFFICERS caused EARNEST HAMLIN to be arrested and charged with false criminal charges.

23.     DEFENDANT OFFICERS conspired to create false and fabricated police reports.

24.     DEFENDANT OFFICERS sought criminal charges against EARENST HAMLIN despite knowing there was no probable cause to do so.

25.     Because of the physical injuries inflicted upon EARENST HAMLIN he was required to seek medical care.

26.     Because of the false criminal charges filed against EARENST HAMLIN he was forced to an attorney resulting in financial loss.

27.     The criminal charges were terminated in Hamlin's favor in that they were dismissed by the Cook County State's Attorney via a *nolle prosequi* motion that was based upon reasons related to Hamlin's innocence.

28.     As a proximate result of all the aforementioned actions by DEFENDANT OFFICERS, EARNEST HAMLIN suffered bodily injury, pecuniary loss in the form of medical bills, attorney fees, loss of freedom, pain and suffering, and emotional distress, great mental anguish, humiliation, degradation, pain and suffering, and other grievous and continuing injuries and damages as set forth above.

### Count I: 42 U.S.C. § 1983 False Arrest

29.     Each paragraph of this Complaint is incorporated as if restated fully herein.

30.     EARNEST HAMLIN was seized and arrested without a warrant and without probable cause by DEFENDANT OFFICERS. This seizure and arrest were in violation of EARNEST HAMLIN'S rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

31.     DEFENDANT OFFICERS falsely arrested EARNEST HAMLIN under color of state law, and within the course of their employment.

32.     The acts committed by DEFENDANT OFFICERS were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of EARNEST HAMLIN'S constitutional rights and would cause harm to him.

WHEREFORE, EARNEST HAMLIN prays for judgment against DEFENDANT OFFICERS for compensatory and punitive damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

### Count II: 42 U.S.C. § 1983 – Excessive Force

33.     Each paragraph of this Complaint is incorporated as if restated fully herein.

34.     On or about September 7, 2013, DEFENDANT OFFICERS subjected EARNEST HAMLIN to excessive force, namely, by beating him about the face and body and breaking his arm.

35.     This excessive force was objectively unreasonable and was undertaken intentionally, or with reckless indifference to EARNEST HAMLIN'S constitutional rights.

36.     As a direct and proximate result of the unjustified and excessive use of force, EARNEST HAMLIN suffered severe injuries, including but not limited to severe pain and suffering, severe emotional distress, and permanent scars.

WHEREFORE, EARNEST HAMLIN prays for judgment against DEFENDANT OFFICERS for compensatory and punitive damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

## Count III:  42 U.S.C. § 1983 – Failure to Intervene

37.     Each paragraph of this Complaint is incorporated as if restated fully herein.

38.     During the beating as described above, DEFENDANT OFFICERS stood by without intervening to prevent the beating by DEFENDANT OFFICERS. Although the DEFENDANT OFFICERS had a reasonable opportunity to prevent this harm, they failed to do so.

39.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally and with willful indifference to EARNEST HAMLIN'S constitutional rights.

40.     As a direct and proximate result of this failure to intervene, EARNEST HAMLIN suffered emotional distress, great mental anguish, humiliation, degradation, pain and suffering, and other grievous and continuing injuries and damages as set forth above.

WHEREFORE, EARNEST HAMLIN prays for judgment against DEFENDANT OFFICERS for compensatory and punitive damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

## Count V:  42 U.S.C. § 1983 Conspiracy

41.     Each paragraph of this Complaint is incorporated as if restated fully herein.

42.     DEFENDANT OFFICERS agreed and conspired together to violate the constitutional rights of EARNEST HAMLIN.

43.     DEFENDANT OFFICERS did reach this understanding and agreement and did engage in this course of conduct with the mutual purpose, objective and knowledge that they would deprive EARNEST HAMLIN of his right to be free from excessive force and false arrest, as guaranteed by the U.S. Constitution.

44.     Said conspiracy violated EARNEST HAMLIN'S 4th and 14th Amendment rights, under color of law, in contravention of 42 U.S.C. § 1983.

45.     Acting in furtherance of this plan and conspiracy, DEFENDANT OFFICERS did commit overt acts, including the illegal arrest, detention, and use of excessive force against EARNEST HAMLIN as more fully alleged in the preceding paragraphs.

46.     This course of conduct by DEFENDANT OFFICERS described in this count was done willfully, maliciously, intentionally, or with reckless disregard and gross negligence, and directly and proximately caused injury and harm to EARENST HAMLIN.

WHEREFORE, EARNEST HAMLIN prays for judgment against DEFENDANT OFFICERS for compensatory and punitive damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

### Count VI: Illinois Law – Malicious Prosecution

67.     Each paragraph of this Complaint is incorporated as if restated fully herein.

68.     In the manner described more fully above, DEFENDANT OFFICERS accused EARNEST HAMLIN of criminal activity and exerted influence to initiate,

continue, and perpetuate judicial proceedings against EARNEST HAMLIN without any probable cause for doing so.

69.    In so doing, these DEFENDANT OFFICERS caused EARNEST HAMLIN to be subjected improperly to judicial proceedings for which there was no probable cause. These judicial proceedings, which were terminated in HAMLIN's favor, were instituted and continued maliciously, resulting in injury.

70.    DEFENDANT OFFICERS were acting in the course and scope of their employment with the CITY OF CHICAGO while taking these actions, and thus, the CITY OF CHICAGO is liable based on the theory of respondeat superior.

71.    DEFENDANT OFFICERS were also acting in the course and scope of their employment with WAVELAND BOWL while taking these actions, and thus, the WAVELAND BOWL is liable based on the theory of respondeat superior.

72.    As a result of DEFENDANT OFFICERS misconduct described in this Count, EARNEST HAMLIN suffered loss of liberty, great mental anguish, humiliation, degradation, pain and suffering, and other grievous and continuing injuries and damages as set forth above.

WHEREFORE, EARNEST HAMLIN prays for judgment against DEFENDANT OFFICERS, CITY OF CHICAGO and WAVELAND BOWL for compensatory and punitive damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

### COUNT VII:  Illinois State Law Claim of Battery

73.    Each paragraph of this Complaint is incorporated as if restated fully

herein.

74.     One or more of the DEFENDANT OFFICERS physically abused EARNEST HAMLIN, and these officers committed these intentional, harmful, and/or offensive contacts against EARNEST HAMLIN without provocation or legal justification.

75.     The actions of one or more DEFENDANT OFFICERS were the direct and proximate cause of the injuries suffered by EARNEST HAMLIN as described herein.

76.     DEFENDANT OFFICERS were acting in the course and scope of their employment with the CITY OF CHICAGO while taking these actions, and thus, the CITY OF CHICAGO is liable based on the theory of respondeat superior.

77.     DEFENDANT OFFICERS were also acting in the course and scope of their employment with WAVELAND BOWL while taking these actions, and thus, the WAVELAND BOWL is liable based on the theory of respondeat superior.

WHEREFORE, EARNEST HAMLIN prays for judgment against DEFENDANT OFFICERS, CITY OF CHICAGO and WAVELAND BOWL for compensatory and punitive damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

### Count VIII: Illinois Law – False Imprisonment

78.     Each paragraph of this Complaint is incorporated as if restated fully herein.

74.     One or more of the DEFENDANT OFFICERS restrained and unlawfully

detained EARNEST HAMLIN causing him to be detained by other members of the Chicago Police Department.

75.     DEFENDANT OFFICERS committed these intentional, harmful, and/or offensive contacts against EARNEST HAMLIN without provocation, legal justification or having reasonable grounds to believe that the plaintiff committed an offense.

76.     DEFENDANT OFFICERS were acting in the course and scope of their employment with the CITY OF CHICAGO while taking these actions, and thus, the CITY OF CHICAGO is liable based on the theory of respondeat superior.

77.     DEFENDANT OFFICERS were also acting in the course and scope of their employment with WAVELAND BOWL while taking these actions, and thus, the WAVELAND BOWL is liable based on the theory of respondeat superior.

WHEREFORE, EARNEST HAMLIN prays for judgment against DEFENDANT OFFICERS, CITY OF CHICAGO and WAVELAND BOWL for compensatory and punitive damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

### Count IX: Illinois Law – Indemnification

83.     Each paragraph of this Complaint is incorporated as if restated fully herein.

84.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment.

85. WHEREFORE, EARNEST HAMLIN prays for judgment against DEFENDANT OFFICERS, CITY OF CHICAGO for compensatory and punitive damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

.        DEFENDANT OFFICERS were employees, members, and agents of the CITY OF CHICAGO, acting at all relevant times within the scope of their employment in committing the misconduct described herein.

WHEREFORE, EARNEST HAMLIN, respectfully request that this Court enter a judgment in his favor and against the CITY OF CHICAGO and DEFENDANT OFFICERS, awarding compensatory damages, attorneys' fees and costs against each Defendant, punitive damages against each of the Individual DEFENDANT OFFICERS, and any other relief this Court deems just and appropriate.

## JURY DEMAND

EARNEST HAMLIN hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.


Respectfully Submitted,

By: s/ Michael P. Schmiege
Michael P. Schmiege
Attorney for Defendant

Michael P. Schmiege
Law Offices of Michael P. Schmiege, PC
33 East 1st Street, Second Floor
Hinsdale, Illinois 60521

(312) 626-2400 TEL
(312) 626-2401 FAX
mikeschmiege@gmail.com
IL ARDC 6287317